IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN WIEGMANN | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 1:18-cv-1147 |
| | * | |
| BYRON'S SUBS, INC., ET AL. | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION FOR JUDICIAL APPROVAL OF
## THE PARTIES' SETTLEMENT AGREEMENT

Plaintiff Stephen Wiegmann ("Plaintiff") and Defendants Byron's Subs, Inc., Joseph Carolan and Kenneth Dilda ("Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties") by and through their undersigned counsel, hereby submit this Joint Motion for Judicial Approval of the Settlement Agreement and Release ("Agreement", attached as Exhibit "1") resolving an overtime wage-and-hour claim by Plaintiff and against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and Maryland Wage and Hour Law ("MWHL"). In support, the Parties state as follows:

1.  The Parties seek this Court's approval of the settlement because claims under the FLSA, such as those released by Plaintiff in the Agreement, may not be waived or released in this Circuit without approval of the U.S. Department of Labor or a court. *See* 29 U.S.C. § 216(c); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005), *vacated and remanded on other grounds*, 493 F.3d 454 (4th Cir. 2007); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010).

1

2. An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d 1350, 1354 (11th Cir. 1982).

4. In this case, Plaintiff alleges that he was employed by Defendants from 2002 through approximately October 27, 2018 as Defendant Byron's Subs, Inc.'s catering manager. Plaintiff alleges that for the last three years of his employment, he performed manual work and other tasks such that he was not exempt from the minimum wage and overtime provisions of the FLSA and MWHL

5. Plaintiff further alleges that while he was employed, Defendants paid Plaintiff as an hourly employee at an hourly rate of fifteen ($15) dollars per hour.

6. Plaintiff alleges that while he was employed, Plaintiff's exact hours varied from week to week and depending on the particular tasks Plaintiff was required to perform but that he typically and customarily worked more than forty (40) hours per week.

7. Plaintiff alleges that Defendants paid Plaintiff at his "straight time" regular hourly rate for hours worked including overtime hours worked over forty (40) per week.

8. The parties have engaged in informal discovery and discussions related to the merits of Plaintiff's contentions and the number of hours that Plaintiff worked in any given workweek.

9. It is Defendant's position that Plaintiff, was an exempt employee under the FLSA's exemption for executive employees. Plaintiff was employed by Defendants as their catering manager such that his primary duty was managing the catering department, he regularly directed the work of ten or more employees and satisfied the other requirements of the executive exemption.

2

Defendant's position is that Plaintiff was properly paid a minimum weekly salary of $600 in all weeks where he performed his duties at least five working days, satisfying the salary requirement of the FLSA. In addition, by agreement of the parties, Defendants voluntarily paid Plaintiff $15 per hour for each hour worked in excess of 40 in any given workweek, in accordance with 29 C.F.R. § 541.604(b).

10. The Parties, by and through their counsel, engaged in an exchange of discovery documents and an open dialogue as to the strengths and weaknesses of each Party's respective claim and/or defenses.

11. The Parties, at arms-length, agreed to a settlement whereby Plaintiff would be re-hired by Defendants as their catering manager as an exempt employee for a five-year guaranteed term, terminable only for specific, enumerated cause. Plaintiff's weekly compensation will be substantially increased to $900 per week plus tips with a three percent (3%) annual increase, his annual paid vacation allotment was increased by one week per year, and the number of paid holidays were increased by four.

12. Prior to this lawsuit, Plaintiff had been terminated by Defendants and Plaintiff is not entitled to rehiring, absent this Settlement Agreement. As part of the terms of reemployment, Plaintiff will receive employment to which he is not otherwise entitled, but he will receive significantly improved terms. Accordingly, Defendants' agreement to re-employ Plaintiff under significantly improved terms and conditions along with the payment of the attorneys' fees and costs incurred by Plaintiff represent full and fair consideration for Plaintiff's release of his claims under the FLSA and MWHL. The Settlement Agreement, with the Employment Agreement, is attached hereto as Exhibit 1 for the Court's consideration. Plaintiff's Counsel, Howard B. Hoffman, attaches a Declaration in support of the Settlement Agreement, indicating that Plaintiff has been

apprised of his litigation and settlement options, and that Plaintiff knowingly and voluntarily seeks to enter into this Settlement Agreement, according to the specific terms.

13. There remain two additional issues requiring the Court's attention: (1) approval of the Attorneys' Fees and Costs; and (2) the maintenance of continuing jurisdiction over this case to supervise the payments of Attorneys' Fees and Costs.

14. Under the Settlement Agreement, Plaintiffs' counsel would receive $14,000.00 for Attorneys' Fees and Costs incurred, payable over four-month period. *See* Exh. 1. Both parties submit that Attorneys' Fees and Costs were negotiated separately and only after a resolution was reached with respect to the Plaintiff's outcome. Given the fact that Fees and Costs were negotiated separately and secondarily to the Plaintiff's personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[1]

15. Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiff's counsel submits a Declaration together with a detailed billing statement. (Exh. 2; Hoffman Decl.). As detailed in this billing statement, Howard B. Hoffman has worked on Plaintiff's claims at the hourly rate of $400.00,[2] and has worked 16 hours. *See id.* ¶ 4. Scott E. Kraff, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiff's claims

---

[1] If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiffs, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. See *Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

[2] Mr. Hoffman has nineteen years of relevant legal experience. *See* Ex. 3, ¶ 15. The requested hourly rate – $400 an hour – fall within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400. Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

at the hourly rate of $205.00, and has worked 23.9 hours. *See* Exh. 2, ¶ 4, Exh. 2-B. Jordan S. Liew, another associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiff's claims at the hourly rate of $205.00 (and at an hourly rate of $215.00, beginning July 1, 2019), and has worked 4.9 hours total. *See* Exh. 2, ¶ 4; Exh. 2-C. Additionally, Gregory B. Herbers, an associate attorney formerly employed by Hoffman who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiff's claims at the hourly rate of $205.00, and has worked 14.6 hours. *See* Exh. 2, ¶ 4. The total amount of legal fees incurred to date is $15,281.00. *Id.*

In addition to the above, costs in this case amount to a total of $1,256.20. *See* Exh. 2 ¶ 5. As such, the total amount of attorneys' fees and expenses incurred by Plaintiff's counsel in this litigation as of September 11, 2019 is approximately $16,537.20 in fees and expenses. *See* Exh. 2 ¶ 6. (This will increase as counsel has continuing obligations in this case, even if this Settlement Agreement is approved). In light of these figures, the amount of Attorneys' Fees and Costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation, and in fact represents a reduction and compromise in the amount of attorneys' fees and costs claimed by counsel (a discount of $2,537.20 to be precise).

16.     With respect to the issue of continuing jurisdiction, the parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the payment of attorneys' fees and costs. The parties bring to the Court the following paragraph set forth in the Settlement Agreement:

> 14. CONTINUING JURISDICTION. The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to Plaintiffs' counsel. Within fifteen (15) days after the last payment made to Plaintiffs' counsel by Defendants, Plaintiff agrees to file a Line indicating full payment has been made and requesting that the Court dismiss

5

this Lawsuit against the Defendants with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

By approving this Settlement Agreement, the Court is agreeing to maintain continuing jurisdiction over this case, and once final payment of Attorney Fees/Costs is made, counsel will so notify the Court and the case shall be dismissed with prejudice. (Appropriate language is set forth in the proposed Order attached hereto to this Motion).

17.     "When all parties are represented by counsel of their choice in connection with the negotiations that led to the Settlement, there is a presumption that the Settlement was not the product of fraud or collusion." *Melendez v. Declerq, Inc.*, 2016 U.S. Dist. LEXIS 78332, at *13 (D. Md. 2016).

18.     Here, there is an absence of any credible evidence of fraud or collusion between counsel. Plaintiff and Defendant's counsel are experienced in employment litigation, including single-party and collective-action wage and hour litigation and have recommended that their client accept and sign the Agreement.

19.     For the reasons stated herein, and because the Parties, with the assistance of their counsel reviewed, understood, and signed the Agreement, the Parties jointly request that the Court approve the Signed Agreement.

| | |
|---|---|
| Dated: September 11, 2019 | Respectfully submitted, |
| WRIGHT, CONSTABLE & SKEEN, LLP | HOFFMAN EMPLOYMENT LAW, LLC |
| By /s/ Gregory P. Currey (with permission)<br>   Gregory P. Currey, Bar No. 28583<br>   7 St. Paul Street, 18th Floor<br>   Baltimore, Maryland 21202<br>   (410) 659-1320 (phone)<br>   gcurrey@wcslaw.com | By:/s/ Howard B. Hoffman<br>   Howard B. Hoffman, Bar No. 25965<br>   600 Jefferson Plaza, Suite 204<br>   Rockville, MD 20852<br>   (301) 251-3752<br>   hhoffman@hoholaw.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

## **CERTIFICATE OF SERVICE**

I, hereby, certify that on September 11, 2019, a copy of the foregoing served on all counsel of record by the Court's ECF System.

                                                                /s/ Howard B. Hoffman
                                                                Howard B. Hoffman